ALLEN ET AL. *v.* REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,152. Filed December 14, 1959.]

*Lynnville G. Miles,* of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General, *Keith Campbell* and *Robert W. McNevin,* Deputy Attorneys General, for appellee Review Board.

*Stephen W. Terry* and *Baker & Daniels,* of Indianapolis, for appellee, Allis-Chalmers Mfg. Co.

BIERLY, P. J.—This is an appeal from a decision and judgment of the Review Board of the Indiana

Employment Security Division affirming the determination of its claims' deputy.

From the decision and judgment of said Review Board appellants perfected this appeal. The assignment of errors reads as follows:

### ASSIGNMENT OF ERRORS

"The appellants say that there is manifest error in the decision, judgment, findings, decree and the proceedings of the Review Board of the Indiana Employment Security Division in this, to-wit:

"(1)  That the decision of the Review Board is contrary to law.

"WHEREFORE, the appellants pray that the decision of the Review Board be reversed and that the Review Board be ordered to correct its said decision and for such other relief as the appellants may be entitled to."

Said assignment of errors wholly fails to name any parties, either appellant or appellee. This, of course, is fatal to this attempted appeal. It is provided by Rule 2-6 of the Rules of the Supreme Court, which is binding on this Court as well as the litigants, that the title of the assignment of errors shall name all parties seeking relief by appeal as appellants and shall name as appellees all parties to the judgment whose interests are adverse to the appellants. Appellants have entirely failed to comply with the provisions of said rule.

We do not have a failure to "properly" name the parties appellant and appellee. Here there is a total omission to name any parties anywhere in the assignment of errors. There is, therefore, no assignment of errors before this Court and, consequently, no assigned error is presented to this Court for determination.

It follows that this attempted appeal must be dismissed.

Appeal dismissed.

Gonas, Kelley, JJ., concurring.

Smith, J., not participating.

NOTE.—Reported in 162 N. E. 2d 689.